# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DINAH PRICE**                                                                                    **PLAINTIFF**

**V.**                               **No. 4:22-CV-00822-BSM-ERE**

**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

### I.    Background

On May 19, 2020, Ms. Dinah Price protectively filed an application for benefits due to fibromyalgia, neuropathy, degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), anxiety, depression, high blood pressure, high cholesterol, chronic pain, and restless leg syndrome. *Tr. 45, 356.*

Ms. Price's claim was denied initially and upon reconsideration. At Ms. Price's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on

April 26, 2021, where she appeared with her lawyer, and the ALJ heard testimony from Ms. Price and a vocational expert ("VE"). *Tr. 142-180.* On September 1, 2021, the ALJ issued a decision, finding that Ms. Price was not disabled. *Tr. 42-63.* The Appeals Council denied Ms. Price's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Ms. Price, who was fifty-eight years old at the time of the hearing, has her GED and past relevant work experience as a store manager, sales clerk, and receptionist. *Tr. 148, 173-174.*

## II.  The ALJ's Decision[1]

The ALJ found that Ms. Price had not engaged in substantial gainful activity since March 1, 2020, the alleged onset date. *Tr. 48.* The ALJ concluded that Ms. Price had the following severe impairments: adenosine sensitive supraventricular tachycardia ("SVT"), status post-ablation; lumbar degenerative changes, status post-hemilaminotomy and discectomy; cervical degenerative changes; COPD; obesity; right hand Heberden's nodes; and carotid artery disease. *Id.* However, the ALJ found that Ms. Price did not have an impairment or combination of impairments meeting

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 50.*

According to the ALJ, Ms. Price had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) only occasional balancing, stooping, kneeling, crouching, and crawling; (2) less than constant use of the upper extremities, but frequent use of the upper extremities to reach, handle, finger, and feel; and (3) only occasional exposure to atmospheric conditions (such as fumes, noxious odors, dusts, mists, gases, and poor ventilation). *Tr. 52.*

In response to hypothetical questions incorporating these limitations, the VE testified that Ms. Price could perform her past relevant work as a receptionist, as that job is generally performed. *Tr. 57, 173.* Accordingly, the ALJ found that Ms. Price was not disabled.

### III. Discussion

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th


Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Ms. Price's Argument for Reversal

Ms. Price contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by not finding her fibromyalgia a medically determinable impairment ("MDI") and incorporating related limitations into the RFC.

For the reasons explained below, the Commissioner's decision should be affirmed.

In his written decision, the ALJ noted that Ms. Price "has been assessed with fibromyalgia" but "the record lacks the requisite findings required to establish it" as an MDI. *Tr. 50*. An MDI "may not be established solely on the basis of an individual's allegations regarding symptoms but must instead be established by medical evidence consisting of signs, symptoms, and laboratory findings." *Id.; see* 20 C.F.R. §§ 404.1521, 416.921. "Fibromyalgia is an elusive diagnosis; its cause or causes are unknown, there's no cure, and, of greatest importance to disability law,

Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.     Ms. Price's Argument for Reversal

Ms. Price contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by not finding her fibromyalgia a medically determinable impairment ("MDI") and incorporating related limitations into the RFC.

For the reasons explained below, the Commissioner's decision should be affirmed.

In his written decision, the ALJ noted that Ms. Price "has been assessed with fibromyalgia" but "the record lacks the requisite findings required to establish it" as an MDI. *Tr. 50*. An MDI "may not be established solely on the basis of an individual's allegations regarding symptoms but must instead be established by medical evidence consisting of signs, symptoms, and laboratory findings." *Id.; see* 20 C.F.R. §§ 404.1521, 416.921. "Fibromyalgia is an elusive diagnosis; its cause or causes are unknown, there's no cure, and, of greatest importance to disability law,

its symptoms are entirely subjective." *Tilley v. Astrue*, 580 F.3d 675, 681 (8th Cir. 2009) (cleaned up). To address these complications, the Commissioner has issued specific guidance regarding the evidence needed to establish an MDI of fibromyalgia. *See* Social Security Ruling ("SSR") 12-2P; Evaluation of Fibromyalgia, 2012 WL 3104869.[2] Citing SSR 12-2P, the ALJ noted an absence of the requisite evidence demonstrating "at least 11 positive tender points on physical examination or of repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions." *Tr. 50.* The ALJ also found that the record lacked evidence showing the "exclusion of other disorders that could cause the symptoms, signs, or co-occurring conditions." *Id.*

Ms. Price contends "the record clearly demonstrates that an acceptable medical source has diagnosed the Plaintiff with fibromyalgia." *Doc. 19 at 15*.

---

[2] SSR 12-2p explains that a claimant can establish an MDI of fibromyalgia if a physician has diagnosed the claimant with fibromyalgia and has provided evidence that meets one of the two sets of criteria described in the SSR for diagnosing fibromyalgia, if the physician's diagnosis is not inconsistent with the other evidence in the claimant's case record. 2012 WL 3104869, at *2.

To meet the 1990 American College of Rheumatology ("ACR") Criteria, the claimant must have: (1) a history of widespread pain, including pain in all quadrants of the body as well as axial skeletal pain, that has persisted for at least three months; (2) at least 11 positive tender points on physical examination that must be found bilaterally (on the left and right sides of the body) and both above and below the waist; and (3) evidence that other disorders that could be the cause of the claimant's symptoms or signs were excluded. SSR 12-2p, 2012 WL 3104869, at *2-3.

To meet the 2010 ACR Preliminary Diagnostic Criteria, the claimant must have: (1) a history of widespread pain as described above; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. SSR 12-2p, 2012 WL 3104869, at *3.

However, her citations to the record are historical. There is no actual assessment of or treatment for fibromyalgia. *Tr. 18, 802, 806, 810, 820, 823, 826, 1105.* Each reference lists fibromyalgia in "past medical history" but provides nothing more.

Furthermore, there is no evidence of a diagnosis from a rheumatologist or any other treating physician. Notably, numerous medical visits have lengthy lists of "current problems," but fibromyalgia is not listed. *Tr. 66, 73, 80, 89, 95, 99-100, 106, 986, 992, 998, 1003, 1008, 1013, 1019, 1025, 1030, 1036, 1046, 1051, 1058, 1064.* Additionally, the visits are not for fibromyalgia treatment. Rather, they are for things like results from a thyroid function study, two weeks of right knee pain, a herniated disc, post-op follow-up, sleep apnea, tachycardia, hurting her hand after a fall, a cough, the flu, a physical, and a sore throat. *Tr. 17, 93, 831, 984, 990, 996, 1001, 1006, 1023, 1028, 1044, 1056, 1062, 1112, 1122.*

Even if Ms. Price could establish that a physician diagnosed fibromyalgia, she has failed to demonstrate repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions. The undersigned has evaluated the cited references for each alleged sign and symptom Ms. Price has identified. For many of these signs (memory loss, sleepiness upon waking up, fever, diarrhea, ringing in the ears, vomiting, bruising, frequent urination, abdominal pain, chronic fatigue syndrome, and migraine disorder), Ms. Price has failed to cite multiple relevant medical records that could demonstrate repeated manifestations. And many

6

of these symptoms can be attributed to other causes, such as herniated discs, obstructive sleep apnea, COPD, SVT, carotid artery disease, and smoking.

As the ALJ correctly found, the record fails to exclude these established impairments as causes of Ms. Price's alleged signs and symptoms of fibromyalgia. At best, Ms. Price can demonstrate co-occurring conditions of depression, gastroesophageal reflux disorder, and restless leg syndrome. Such evidence alone falls short of meeting the diagnostic criteria for fibromyalgia.

In sum, substantial evidence supports the ALJ's finding that Ms. Price failed to present sufficient evidence to establish an MDI for fibromyalgia.

Because the ALJ properly determined that Ms. Price's fibromyalgia was not an MDI, her argument that he erroneously failed to include any limitation in the RFC related to fibromyalgia is without merit.

### IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Price's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 9 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE